1

FRANCES MALBON, as Administratrix of the Estate of CLARENCE H. MALBON, Deceased, Respondent, v. PHELPS DODGE REFINING CORP., Defendant and Third-Party Plaintiff-Appellant. LILLIE FARKAS, Individually and Doing Business under the Name of GENERAL INDUSTRIAL PAINTING Co., Third-Party Defendant-Respondent.— In this action to recover damages for the wrongful death of plaintiff's intestate, defendant, as third-party plaintiff, made claim against said intestate's employer, as third-party defendant. After trial, a verdict was returned in favor of plaintiff and against defendant, and, insofar as the third-party claim is concerned, a stipulation authorized the trial court to determine the issues, and the court rendered decision in favor of the third-party defendant. Defendant appeals from the ensuing judgment. Judgment modified on the law and the facts by striking the first ordering paragraph therefrom, and by substituting, in lieu thereof, a provision to the effect that plaintiff's complaint is dismissed. As so modified, the judgment is unanimously affirmed, with costs to appellant against plaintiff, and without costs as between the third-party defendant and appellant. If this court were not directing dismissal of plaintiff's complaint, as above stated, it would order a new trial on the ground that the verdict was against the weight of the evidence. It appears that the employer of the deceased had been engaged to do certain cleaning, chipping and painting at the plant of appellant. This included work on a large horizontal flue, upon which were two channel rails designed, but not used, to support a catwalk. In erecting a scaffold, an employee of the third-party defendant placed two 6 x 2 planks, each about eight feet long, in such a manner that they rested upon one channel rail and passed under the other. These were used as outriggers and a scaffold was suspended therefrom. There was testimony that, when the deceased stepped upon the scaffold and attempted to secure it, the rail under which one of the planks passed was pried up, dipping that outrigger to the extent that the rigging slipped therefrom and one end of the scaffold fell, dropping the deceased to his death. The channel rails were not designed for the use to which they were thus put, and the defendant could not reasonably anticipate that the third-party defendant would subject them to the extent and nature of the strain thus placed upon them. (*Burnstein* v. *Haas*, 298 N. Y. 596, affg. 272 App. Div. 1051; *Webb* v. *Cerasoli*, 300 N. Y. 603; *Kiernan* v. *Gutta Percha & Rubber Mfg. Co.*, 134 App. Div. 192; *Borshowsky* v. *Altman & Co.*, 280 App. Div. 599.) Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.